Receipt Number 538913

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATRIX PARTNERS, LLC,
A Michigan limited liability company,

        Plaintiff,

Case: 5:06-cv-10798
Assigned To : O'Meara, John Corbett
Referral Judge: Capel, Wallace
Assign. Date : 2/22/2006 11:11 a.m.
Description: cmp matrix partners, llc
v. peter jay klauser, et al (tam)

-vs-

**COMPLAINT**

PETER JAY KLAUSER, an individual,
JOSEPH DEPOMPEII, an individual,
FILM PLANET, LLC, a foreign limited liability company,
and FILM PLANET GALAXY FUND, LLC, a foreign
limited liability company, jointly and severally,

        Defendants.

_____/

## COMPLAINT

NOW COMES the Plaintiff, MATRIX PARTNERS, LLC, by and through its attorney, KENNETH J. WROBEL, JR., P.C., and for its Complaint against the Defendants, state the following:

1. Plaintiff, Matrix Partners, LLC, is a Michigan limited liability company and is a citizen of the state of Michigan.

2. Defendant, Peter Jay Klauser, is a citizen of the state of California.

3. Defendant, Joseph DePompeii, is a citizen of the state of California.

1

4. Defendant, Film Planet, LLC, is a foreign limited liability company having its principal place of business in the State of California. Film Planet, LLC conducts business in the state of Michigan.

5. Defendant, Film Planet Galaxy Fund, LLC is a foreign limited liability company having its principal place of business in the State of California. Film Planet Galaxy Fund, LLC conducts business in the state of Michigan.

6. The matter in controversy exceeds, exclusive of interest and costs, the sum specified in 28 U.S.C. Sec. 1332.

7. Jurisdiction is conferred by 28 U.S.C. Sec. 1332.

8. Venue is appropriate in the Court pursuant to 28 U.S.C. Sec. 1391, and this is the District where the claim arose.

## FACTUAL ALLEGATIONS

9. Defendants, Klauser, DePompeii, and Film Planet, are in the business of making and distributing movies.

10. In 2001, Defendants desired to make a movie titled "White Rush".

11. Defendants needed funding to make the movie "White Rush".

12. Defendants, Klauser, DePompeii, and Film Planet, desired and undertook to raise capital for the movie "White Rush".

13. Defendants disseminated information, literature, brochures, advertisements, and the like throughout the country through many media devices, including the world wide web. The sales literature promoted Defendants as successful film makers who have made many movies through the use of venture capital.

14. Defendants solicited investment in the "White Rush" movie from citizens of the state of Michigan, including Plaintiff.

15. Defendants represented that they had formed a separate California limited liability company for the sole purpose of being the investment vehicle and business entity for producing the White Rush movie.

16. Film Planet White Rush, LLC was formed for the "White Rush" movie project.

17. Defendants, Klauser, DePompeii, and Film Planet, managed Film Planet White Rush, LLC.

18. In soliciting investment funds, Defendants represented to Plaintiff that they had already sold over $500,000.00 in foreign distribution rights to the "White Rush" movie.

19. In soliciting investment funds, Defendants represented to Plaintiff that the investment was secured by the guarantees and the assets of other related business entities that Defendants were involved in. The assets included the library of movies owned by the businesses.

20. Defendants provided Plaintiff with a "subscription agreement" that pertained to acquiring ownership interests (shares) in Film Planet White Rush, LLC.

21. Based on the representations made by Defendants, Plaintiff invested in Film Planet White Rush, LLC.

22. On or about April 2002, Plaintiff invested $445,000.00 in Film Planet White Rush, LLC, a California limited liability company.

23. On or about April 2002, Plaintiff wired $445,000.00 to the Wells Fargo Bank, account of Film Planet.

24. Plaintiff acquired approximately 89.88% ownership interest of Film Planet White Rush, LLC as a result of the $445,000.00 investment in said limited liability company.

25. At all relevant times, Defendants, Klauser, DePompeii, and Film Planet, managed the business activities of Film Planet White Rush, LLC.

26. The White Rush movie was completed, marketed, and distributed.

27. At all times relevant herein, all revenue from sales of the Stealing Candy movie were the sole property of Film Planet White Rush, LLC.

28. Defendants have not provided any meaningful and tangible financial information about the investment in Film Planet White Rush, LLC.

29. Defendants have not provided any meaningful and tangible financial information about the investment in Film Planet White Rush, LLC.

30. Defendants, Klauser, DePompeii, and Film Planet have kept Plaintiff in the dark about the finances of the movie and Film Planet White Rush, LLC.

31. Defendants, Klauser, DePompeii, and Film Planet, failed and refuse to account for business activities of Film Planet White Rush, LLC.

32. Defendants, Klauser, DePompeii, and Film Planet, failed and refuse to account for the revenue from the White Rush movie.

33. Defendants, Klauser, DePompeii, and Film Planet, failed and refuse to provide records and accountings regarding the business activities of Film Planet White Rush, LLC.

34. Upon information and belief, assets of Film Planet White Rush, LLC were transferred to Defendant, Film Planet Galaxy Fund, LLC.

35. Plaintiff has not yet even recovered its initial investment in Film Planet White Rush, LLC.

36. Plaintiff has not received any profits from the business.

37. Defendants essentially took Plaintiff's investment funds for their own financial gain.

## COUNT I
### (Violation of Section 101 of the Michigan Uniform Securities Act)

38. Plaintiffs incorporate by reference paragraphs 1 through 37.

39. The "subscription agreement" issued to Plaintiff and to other investors for investment in Film Planet White Rush, LLC constitutes a "security" within the meaning of section 401(z) of MUSA, being MCL 451.801.

40. By virtue of their conduct as set forth herein, the Defendants, Klauser, DePompeii, and Film Planet, in connection with the offer and sale of the security to Plaintiff, directly or indirectly, employed a device, scheme, or artifice to defraud contrary to and in violation of Michigan law, MCL 451.501(1).

41. By virtue of their conduct as set forth herein, the Defendants, Klauser, DePompeii, and Film Planet, in connection with the offer and sale of the security to Plaintiff, directly or indirectly, engaged in acts, practice, or course of business which operated as a fraud or deceit upon Plaintiff contrary to and in violation of Michigan law, MCL 451.501(3).

42. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages, including lost profits.

WHEREFORE, the Plaintiff, Matrix Partners, LLC, requests that this court enter a judgment for damages in its favor in whatever amount Plaintiff is found to be entitled

greater than $75,000.00, plus incidental and consequential damages, against Defendants, Klauser, DePompeii, and Film Planet, jointly and severally, together with costs, interest, and attorney fees.

## COUNT II
### (Breach of Trust and Fiduciary Duties)

43. Plaintiffs incorporate by reference paragraphs 1 through 42.

44. By virtue of their relationship with Plaintiff, Matrix Partners, LLC, Defendants, Klauser, DePompeii, and Film Planet, owed Plaintiff both statutory and common law fiduciary duties, including but not limited to:

    a. the duty to act with utmost good faith and loyalty toward Plaintiff;
    b. duties of trust and confidence;
    c. the duty to refrain from self-dealing;
    d. the duty to disclose pertinent business information to Plaintiff;
    e. the duty to refrain from exploiting or usurping information or opportunities for their own benefit and to the benefit of others and to the detriment of Plaintiff;
    f. the duty to provide and allow verification of receipt and expenditure of funds received from business operations;
    g. the duty to render true and full information of all things affecting the business operations;
    h. the duty to account to Plaintiff;
    i. the duty to hold as fiduciary for the corporation all proceeds;
    j. the duty to provide a formal accounting as to the affairs of the business.

45. Defendants breached their trust and fiduciary obligations by the aforementioned acts, including but not limited to: violation their obligations of disclosure; making and/or undertaking excessive, inappropriate and unauthorized payments and/or obligations; failing to account for the business revenue and expenditures; failing to provide detailed accounting of the business activities; failing to refrain from

6

self-dealing; and otherwise mismanaging the business affairs contrary to the best interests of the Plaintiff.

46. By virtue of their conduct described above, Defendants acted in their own self-interest, which was in conflict with the interests of Plaintiff.

47. Defendants' conduct constituted a breach of their fiduciary duties to Plaintiff.

48. As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages, including lost profits.

WHEREFORE, the Plaintiff, Matrix Partners, LLC, requests that this court enter a judgment for damages in its favor in whatever amount Plaintiff is found to be entitled greater than $75,000.00, plus incidental and consequential damages, against Defendants, Klauser, DePompeii, and Film Planet, jointly and severally, together with costs, interest, and attorney fees.

## COUNT III
### (Conversion)

49. Plaintiffs incorporate by reference paragraphs 1 through 48.

50. Defendants on information and belief intentionally caused company assets to be diverted to themselves, by wrongfully exercising dominion, control and disbursement over and of the company assets, and without the knowledge of Plaintiff, Matrix Partners, LLC, and without full disclosure to Plaintiff, Matrix Partners, LLC.

51. Defendants on information and belief intentionally caused company assets to be diverted to Film Planet Galaxy Fund, LLC, a California limited liability company affiliated with or controlled by Defendants, Klauser, DePompeii, and Film Planet,

by wrongfully exercising dominion, control and disbursement over and of the company assets, and without the knowledge of Plaintiff, Matrix Partners, LLC, and without full disclosure to Plaintiff, Matrix Partners, LLC.

52. Such actions constitute conversion and misappropriation of company assets.

53. As a direct and proximate result of these actions, Plaintiff, Matrix Partners, LLC, has suffered injury.

WHEREFORE, the Plaintiff, Matrix Partners, LLC, requests that this court enter a judgment for damages in its favor in whatever amount Plaintiff is found to be entitled greater than $75,000.00, against Defendants, jointly and severally, together with costs, interest, and attorney fees.

## COUNT III
### (Action for Accounting)

54. Plaintiffs incorporate by reference paragraphs 1 through 53.

55. Defendants, Klauser, DePompeii, and Film Planet, failed to maintain accurate records of business activities.

56. Defendants, Klauser, DePompeii, and Film Planet, have failed and refused to provide information, including financial information, about the company's business activities.

57. Plaintiff cannot, even with liberal discovery, reasonably be expected to ascertain and determine the extent of the business conducted by Defendants.

58. Plaintiff does not know what amounts may be revealed by such accounting as being owed to Plaintiff and, therefore, makes no specific demand for monetary relief at the present time.

WHEREFORE, the Plaintiff requests that this court enter judgment compelling Defendants, Klauser, DePompeii, and Film Planet, to prepare, at their sole expense, a true and accurate accounting of all of the activities and assets of Film Planet White Rush, LLC, and all business activities of the White Rush movie, and to award Plaintiff other and different relief as the court deems warranted.

### COUNT IV
### (Civil Conspiracy)

59. Plaintiff incorporates by reference paragraphs 1 through 58.

60. The Defendants conspired, confederated, and acted in concert for an unlawful purpose or a proper purpose through unlawful means.

61. As a direct and proximate result of the Defendants' civil conspiracy, the Plaintiff has been injured and has suffered significant economic injuries.

WHEREFORE, the Plaintiff, Matrix Partners, LLC, requests that this court enter a judgment for damages in its favor in whatever amount Plaintiff is found to be entitled greater than $75,000.00, against Defendants, jointly and severally, together with costs, interest, and attorney fees.

Dated: 2-21-2006

Kenneth J. Wrobel, Jr. (P44176)
Attorney for Plaintiff
390 Park Street, Suite 200
Birmingham, MI 48009
(248) 645-2200

**JS 44** (Rev. 11/04)            **CIVIL COVER SHEET**     County in which this action arose: Macomb

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Matrix Partners, LLC

### DEFENDANTS
Peter Jay Klauser, Joseph DePompeii, Film Planet, LLC, Film Planet Galaxy Fund, LLC

**(b)** County of Residence of First Listed Plaintiff: Oakland, Michigan
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Los Angeles, CA

Case: 5:06-cv-10798
Assigned To : O'Meara, John Corbett
Referral Judge: Capel, Wallace
Assign. Date : 2/22/2006 11:11 a.m.
Description: cmp matrix partners, llc v. peter jay klauser, et al (tam)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kenneth J. Wrobel, Jr., P.C., 390 Park Street, Suite 200, Birmingham, MI 48009

### II. BASIS OF JURISDICTION (Select One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☑ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Select One Box Only)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

POSSIBLE COMPANION CASE

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC sec. 1332
Brief description of cause: securities/investment scam

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** greater than $75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☑ No

### VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE: Lawrence P. Zatkoff
DOCKET NUMBER: 2:06-cv-10371

DATE: February 21, 2006
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☑ Yes  ☐ No

   If yes, give the following information:

   Court: United States District Ct - Eastern District of Michigan

   Case No.: 2:06-cv-10371

   Judge: Lawrence P. Zatkoff

Notes :